1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone: (213) 430-3400
   Facsimile: (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendant
   PFIZER INC.

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18 IN RE CELEBREX AND BEXTRA          ) MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
19 PRODUCTS LIABILITY LITIGATION      ) CASE NO. 3:07-cv-5951-CRB
                                      )
20 This document relates to           )
                                      ) **PFIZER INC.'S ANSWER TO**
21 MARY SHAW,                         ) **COMPLAINT**
                                      )
22          Plaintiff,                ) **JURY DEMAND ENDORSED**
                                      ) **HEREIN**
23          vs.                       )
                                      )
24 PFIZER, INC.,                      )
                                      )
25          Defendant.                )
                                      )
26 _____)

27

28

1    NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiff's Complaint

3    ("Complaint"), and would respectfully show the Court as follows:

4                                                    **I.**

5                                              **ANSWER**

6    1.      Defendant admits that Plaintiff brought this civil action seeking monetary damages, but

7    denies that Plaintiff is entitled to any relief or damages.  Defendant is without knowledge or

8    information sufficient to form a belief as to the truth of the allegations in this paragraph of the

9    Complaint regarding Plaintiff's medical condition and whether Plaintiff used Bextra®, and,

10   therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when

11   used in accordance with its FDA-approved prescribing information.  Defendant denies any

12   wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the

13   remaining allegations in this paragraph of the Complaint.

14                          **Response to Allegations Regarding Parties**

15   2.      Defendant is without knowledge or information sufficient to form a belief as to the truth

16   of the allegations regarding Plaintiff's citizenship and residency, and, therefore, denies the

17   same.   Defendant denies that Bextra® caused Plaintiff injury or damage and denies the

18   remaining allegations in this paragraph of the Complaint.

19   3.      Defendant admits that Pfizer is a Delaware corporation with its principal place of

20   business in New York.  Defendant admits that Pfizer is registered to do and does business in

21   South Carolina.   Defendant admits that Pfizer may be served through its registered agent.

22   Defendant denies any wrongful conduct, denies that Pfizer committed a tort in the South

23   Carolina, New York, or California, and denies the remaining allegations in this paragraph of the

24   Complaint.

25   4.      Defendant admits that Pharmacia acquired Searle in 2000 and that, as the result of a

26   merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendant denies

27   any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

28   5.      Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Bextra® in the United States to be prescribed by healthcare providers who are by law

2   authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits

3   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

4   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

5   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

6   with their approval by the FDA. Defendant admits that Pharmacia acquired Searle in 2000 and

7   that, as the result of a merger in April 2003, Searle became a subsidiary of Pfizer. Defendant

8   denies the remaining allegations in this paragraph of the Complaint.

9   6.      Defendant admits that Pharmacia acquired Searle in 2000 and that, as the result of a

10  merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendant denies

11  the remaining allegations in this paragraph of the Complaint.

12  7.      Defendant admits that Pharmacia acquired Searle in 2000. Defendant denies any

13  wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

14  8.      Defendant admits that, as the result of a merger in April 2003, Pharmacia became a

15  subsidiary of Pfizer. Defendant denies any wrongful conduct and denies the remaining

16  allegations in this paragraph of the Complaint.

17           **Response to Allegations Regarding Jurisdiction and Venue**

18  9.      Defendant is without knowledge or information to form a belief as to the truth of the

19  allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount

20  in controversy, and, therefore, denies that the same. However, Defendant admits that Plaintiff

21  claims that the parties are diverse and that the amount in controversy exceeds $75,000,

22  exclusive of interests and costs.

23  10.     Defendant is without knowledge or information sufficient to form a belief as to the truth

24  of the allegations in this paragraph of the Complaint regarding the judicial district in which the

25  asserted claims allegedly arose, and, therefore, denies the same. Defendant admits that, during

26  certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States,

27  including California, to be prescribed by healthcare providers who are by law authorized to

28  prescribe drugs in accordance with their approval by the FDA. Defendant states that Bextra®

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1   was and is safe and effective when used in accordance with its FDA-approved prescribing

2   information. Defendant states that the potential effects of Bextra® were and are adequately

3   described in its FDA-approved prescribing information, which was at all times adequate and

4   comported with applicable standards of care and law. Defendant denies any wrongful conduct,

5   denies committing a tort in the States of California, New York, or South Carolina, and denies

6   the remaining allegations in this paragraph of the Complaint.

7   **Response to Factual Allegations**

8   11.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

9   Bextra® in the United States, including South Carolina and New York, to be prescribed by

10   healthcare providers who are by law authorized to prescribe drugs in accordance with their

11   approval by the FDA. Defendant admits that Pfizer provided FDA-approved prescribing

12   information regarding Bextra®. Defendant denies the remaining allegations in this paragraph

13   of the Complaint.

14   12.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15   of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition and

16   whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant denies the

17   remaining allegations in this paragraph of the Complaint.

18   13.    Defendant is without knowledge or information sufficient to form a belief as to the truth

19   of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition and

20   whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra®

21   was and is safe and effective when used in accordance with its FDA-approved prescribing

22   information. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff

23   injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

24   14.    Defendant is without knowledge or information sufficient to form a belief as to the truth

25   of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition,

26   therefore, denies the same. Defendant denies any wrongful conduct, denies that Bextra®

27   caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

28   Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition, therefore, denies the same.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

16.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

17.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendant admits that Pfizer provided FDA-approved prescribing information regarding Bextra®.    Defendant denies the remaining allegations in this paragraph of the Complaint.

18.    Defendant admits that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDs").    Defendant states that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to the inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    Defendant denies the remaining allegations in this paragraph of the Complaint.

19.    Defendant admits that Bextra® was approved by the FDA on November 16, 2001. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.    Defendant denies the remaining allegations in this paragraph of the Complaint.

20.    Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.    Defendant states that Bextra® was and is safe and effective when used in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    accordance with its FDA-approved prescribing information.  Defendant states that the potential

2    effects of Bextra® were and are adequately described in its FDA-approved prescribing

3    information, which was at all times adequate and comported with applicable standards of care

4    and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this

5    paragraph of the Complaint.

6    21.    Defendant states that the referenced article speaks for itself and respectfully refers the

7    Court to the article for its actual language and text.  Any attempt to characterize the article is

8    denied.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

9    damage, and denies the remaining allegations in this paragraph of the Complaint.

10   22.    Defendant states that the referenced article speaks for itself and respectfully refers the

11   Court to the article for its actual language and text.  Any attempt to characterize the article is

12   denied.  Defendant denies the remaining allegations in this paragraph of the Complaint.

13   23.    Defendant states that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendant denies any wrongful conduct,

15   denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in

16   this paragraph of the Complaint.

17   24.    Defendant is without knowledge or information sufficient to form a belief as to the truth

18   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

19   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

20   when used in accordance with its FDA-approved prescribing information.  Defendant states that

21   the potential effects of Bextra® were and are adequately described in its FDA-approved

22   prescribing information, which was at all times adequate and comported with applicable

23   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

24   allegations in this paragraph of the Complaint.

25   25.    Defendant states that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendant states that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-6-
ANSWER TO COMPLAINT – 3:07-cv-5951-CRB

1   Defendant admits that Pfizer provided FDA-approved prescribing information regarding

2   Bextra®.  Defendant denies any wrongful conduct and denies the remaining allegations in this

3   paragraph of the Complaint.

4   26.     Defendant states that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendant states that the potential effects of

6   Bextra® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

9   of the Complaint.

10  27.     Defendant is without knowledge or information sufficient to form a belief as to the truth

11  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

12  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

13  when used in accordance with its FDA-approved prescribing information.  Defendant states that

14  the potential effects of Bextra® were and are adequately described in its FDA-approved

15  prescribing information, which was at all times adequate and comported with applicable

16  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

17  allegations in this paragraph of the Complaint.

18  28.     Defendant is without knowledge or information sufficient to form a belief as to the truth

19  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

20  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

21  when used in accordance with its FDA-approved prescribing information.  Defendant states that

22  the potential effects of Bextra® were and are adequately described in its FDA-approved

23  prescribing information, which was at all times adequate and comported with applicable

24  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

25  allegations in this paragraph of the Complaint.

26  29.     Defendant is without knowledge or information sufficient to form a belief as to the truth

27  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

28  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    when used in accordance with its FDA-approved prescribing information.  Defendant states that

2    the potential effects of Bextra® were and are adequately described in its FDA-approved

3    prescribing information, which was at all times adequate and comported with applicable

4    standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused

5    Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

6    Complaint.

7    30.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

9    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

10   when used in accordance with its FDA-approved prescribing information.  Defendant states that

11   the potential effects of Bextra® were and are adequately described in its FDA-approved

12   prescribing information, which was at all times adequate and comported with applicable

13   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused

14   Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

15   Complaint.

16   31.    Defendant is without knowledge or information sufficient to form a belief as to the truth

17   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

18   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

19   when used in accordance with its FDA-approved prescribing information.  Defendant states that

20   the potential effects of Bextra® were and are adequately described in its FDA-approved

21   prescribing information, which was at all times adequate and comported with applicable

22   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused

23   Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

24   Complaint.

25   32.    Defendant denies any wrongful conduct and denies the remaining allegations in this

26   paragraph of the Complaint.

27   **Response to Allegations Regarding Fraudulent Concealment**

28   33.    Defendant states that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

34.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

35.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

36.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent a response is deemed required, Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Strict Products Liability –Design Defect**

37.    Defendant incorporates by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

38.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Bextra® in the United States to be prescribed by healthcare providers who are by law

2   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

3   the remaining allegations in this paragraph of the Complaint.

4   39.    Defendant states that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendant states that the potential effects of

6   Bextra® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably

9   dangerous, and denies the remaining allegations in this paragraph of the Complaint.

10  40.    Defendant is without knowledge or information sufficient to form a belief as to the truth

11  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

12  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

13  when used in accordance with its FDA-approved prescribing information.  Defendant states that

14  the potential effects of Bextra® were and are adequately described in its FDA-approved

15  prescribing information, which was at all times adequate and comported with applicable

16  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

17  defective, and denies the remaining allegations in this paragraph of the Complaint.

18  41.    Defendant states that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendant states that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

23  remaining allegations in this paragraph of the Complaint.

24  42.    Defendant is without knowledge or information sufficient to form a belief as to the truth

25  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

26  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

27  when used in accordance with its FDA-approved prescribing information.  Defendant states that

28  the potential effects of Bextra® were and are adequately described in its FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

45.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### **Response to Second Cause of Action: Strict Product Liability – Warning Defect**

46.     Defendant incorporates by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

47.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

3  remaining allegations in this paragraph of the Complaint.

4  48.     Defendant states that Bextra® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendant states that the potential effects of

6  Bextra® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

9  remaining allegations in this paragraph of the Complaint.

10  49.     Defendant is without knowledge or information sufficient to form a belief as to the truth

11  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

12  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

13  when used in accordance with its FDA-approved prescribing information.  Defendant states that

14  the potential effects of Bextra® were and are adequately described in its FDA-approved

15  prescribing information, which was at all times adequate and comported with applicable

16  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused

17  Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

18  Complaint.

19  50.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

20  damage, and denies the remaining allegations in this paragraph of the Complaint.

21  **Response to Third Cause of Action: Strict Product Liability – Testing Defect**

22  51.     Defendant incorporates by reference their responses to each paragraph of Plaintiff's

23  Complaint as if fully set forth herein.

24  52.     Defendant states that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendant states that the potential effects of

26  Bextra® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  remaining allegations in this paragraph of the Complaint.

2  53.    Defendant states that Bextra® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendant states that the potential effects of

4  Bextra® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

7  remaining allegations in this paragraph of the Complaint.

8  54.    Defendant states that Bextra® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendant states that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

13  remaining allegations in this paragraph of the Complaint.  Defendant denies any wrongful

14  conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or

15  damage, and denies the remaining allegations in this paragraph of the Complaint.

16  55.    Defendant is without knowledge or information sufficient to form a belief as to the truth

17  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

18  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

19  when used in accordance with its FDA-approved prescribing information.  Defendant states that

20  the potential effects of Bextra® were and are adequately described in its FDA-approved

21  prescribing information, which was at all times adequate and comported with applicable

22  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused

23  Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

24  Complaint.

25  **Response to Fourth Cause of Action: Fraud**

26  56.    Defendant incorporates by reference their responses to each paragraph of Plaintiff's

27  Complaint as if fully set forth herein.

28  57.    Defendant states that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information. Defendant states that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

5    of the Complaint.

6    58.    Defendant is without knowledge or information sufficient to form a belief as to the truth

7    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

8    and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective

9    when used in accordance with its FDA-approved prescribing information. Defendant states that

10   the potential effects of Bextra® were and are adequately described in its FDA-approved

11   prescribing information, which was at all times adequate and comported with applicable

12   standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused

13   Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

14   Complaint.

15   59.    Defendant is without knowledge or information sufficient to form a belief as to the truth

16   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

17   and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective

18   when used in accordance with its FDA-approved prescribing information. Defendant states that

19   the potential effects of Bextra® were and are adequately described in its FDA-approved

20   prescribing information, which was at all times adequate and comported with applicable

21   standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused

22   Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

23   Complaint.

24              **Response to Fifth Cause of Action: Negligence**

25   60.    Defendant incorporates by reference their responses to each paragraph of Plaintiff's

26   Complaint as if fully set forth herein.

27   61.    Defendant states that this paragraph of the Complaint contains legal contentions to

28   which no response is deemed required. To the extent a response is deemed required, Defendant

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-14-

ANSWER TO COMPLAINT – 3:07-cv-5951-CRB

admits that Pfizer had duties as are imposed by law but denies having breached such duties. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

62.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

63.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

64.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendant admits that Pfizer had duties as are imposed by law but denies having breached such duties. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

ANSWER TO COMPLAINT – 3:07-cv-5951-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    65.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

2    damage, and denies the remaining allegations in this paragraph of the Complaint.

3    **Response to Sixth Cause of Action: Negligent Misrepresentation**

4    66.    Defendant incorporates by reference their responses to each paragraph of Plaintiff's

5    Complaint as if fully set forth herein.

6    67.    Defendant states that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendant states that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

11   of the Complaint.

12   68.    Defendant is without knowledge or information sufficient to form a belief as to the truth

13   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

14   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

15   when used in accordance with its FDA-approved prescribing information.  Defendant states that

16   the potential effects of Bextra® were and are adequately described in its FDA-approved

17   prescribing information, which was at all times adequate and comported with applicable

18   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

19   defective, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining

20   allegations in this paragraph of the Complaint, including all subparts.

21   **Response to Seventh Cause of Action: Express Warranty for Goods**

22   69.    Defendant incorporates by reference their responses to each paragraph of Plaintiff's

23   Complaint as if fully set forth herein.

24   70.    Defendant states that this paragraph of the Complaint contains legal contentions to

25   which no response is deemed required.  To the extent a response is deemed required, Defendant

26   admits that Pfizer had duties as are imposed by law but denies having breached such duties.

27   Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

28   Bextra® in the United States to be prescribed by healthcare providers who are by law

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-16-

ANSWER TO COMPLAINT – 3:07-cv-5951-CRB

1    authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states

2    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

3    prescribing information. Defendant states that the potential effects of Bextra® were and are

4    adequately described in its FDA-approved prescribing information, which was at all times

5    adequate and comported with applicable standards of care and law. Defendant denies any

6    wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

7    71.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

8    damage, and denies the remaining allegations in this paragraph of the Complaint.

9    **Response to Eighth Cause of Action: Implied Warranty of Merchantability**

10    72.    Defendant incorporates by reference their responses to each paragraph of Plaintiff's

11    Complaint as if fully set forth herein.

12    73.    Defendant is without knowledge or information sufficient to form a belief as to the truth

13    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

14    and, therefore, denies the same. Defendant admits that, during certain periods of time, Pfizer

15    marketed and co-promoted Bextra® in the United States to be prescribed by healthcare

16    providers who are by law authorized to prescribe drugs in accordance with their approval by the

17    FDA. Defendant states that Bextra® was and is safe and effective when used in accordance

18    with its FDA-approved prescribing information. Defendant states that the potential effects of

19    Bextra® were and are adequately described in its FDA-approved prescribing information,

20    which was at all times adequate and comported with applicable standards of care and law.

21    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

22    of the Complaint.

23    74.    Defendant states that Bextra® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information. Defendant states that the potential effects of

25    Bextra® were and are adequately described in its FDA-approved prescribing information,

26    which was at all times adequate and comported with applicable standards of care and law.

27    Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra®

28    caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  Complaint.

2  <u>**Response to Ninth Cause of Action: Implied Warranty of Fitness**</u>

3  75.    Defendant incorporates by reference their responses to each paragraph of Plaintiff's

4  Complaint as if fully set forth herein.

5  76.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

6  Bextra® in the United States to be prescribed by healthcare providers who are by law

7  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits,

8  as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the

9  relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for

10  the treatment of primary dysmenorrhea.  Defendant states that Bextra® was and is safe and

11  effective when used in accordance with its FDA-approved prescribing information.  Defendant

12  states that the potential effects of Bextra® were and are adequately described in its FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

15  remaining allegations in this paragraph of the Complaint.

16  77.    Defendant is without knowledge or information sufficient to form a belief as to the truth

17  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

18  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

19  when used in accordance with its FDA-approved prescribing information.  Defendant states that

20  the potential effects of Bextra® were and are adequately described in its FDA-approved

21  prescribing information, which was at all times adequate and comported with applicable

22  standards of care and law.  Defendant denies the remaining allegations in this paragraph of the

23  Complaint.

24  78.    Defendant states that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendant states that the potential effects of

26  Bextra® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

and denies the remaining allegations in this paragraph of the Complaint.

**Response to Tenth Cause of Action: Deceptive Business Practices**

79.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that Pfizer provided FDA-approved prescribing information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

80.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

81.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

82.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    prescribing information, which was at all times adequate and comported with applicable

2    standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

3    allegations in this paragraph of the Complaint.

4    83.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

6    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

7    when used in accordance with its FDA-approved prescribing information.  Defendant states that

8    the potential effects of Bextra® were and are adequately described in its FDA-approved

9    prescribing information, which was at all times adequate and comported with applicable

10   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused

11   Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

12   Complaint.

13   84.    Defendant states that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendant states that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

18   of the Complaint.

19   85.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

20   damage, and denies the remaining allegations in this paragraph of the Complaint.

21                     **Response to Allegation Regarding Punitive Damages**

22   86.    Defendant states that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendant states that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra®

27   caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

28   Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Response to Jury Demand

2   87.    Defendant states that this paragraph of the Complaint contains legal contentions to

3   which no response is required.

4   ### Response to Prayer for Relief

5          Answering the unnumbered paragraph of the Complaint entitled "Prayer for Relief,"

6   Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage,

7   and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

8   ### II.

9   ### GENERAL DENIAL

10         Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's

11  Complaint that have not been previously admitted, denied, or explained.

12  ### III.

13  ### AFFIRMATIVE DEFENSES

14         Defendant reserves the right to rely upon any of the following or additional defenses to

15  claims asserted by Plaintiff to the extent that such defenses are supported by information

16  developed through discovery or evidence at trial.  Defendant affirmatively shows that:

17  ### First Defense

18  1.     The Complaint fails to state a claim upon which relief can be granted.

19  ### Second Defense

20  2.     Bextra® is a prescription medical product.  The federal government has preempted the

21  field of law applicable to the labeling and warning of prescription medical products.

22  Defendant's labeling and warning of Bextra® was at all times in compliance with applicable

23  federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon

24  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

25  and violate the Supremacy Clause of the United States Constitution.

26  ### Third Defense

27  3.     At all relevant times, Defendant provided proper warnings, information and instructions

28  for the drug in accordance with generally recognized and prevailing standards in existence at

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

the time.

#### Fourth Defense

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

#### Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

#### Sixth Defense

6.    Plaintiff's action is barred by the statute of repose.

#### Seventh Defense

7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

#### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

#### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

#### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Eleventh Defense**

2    11.    Defendant affirmatively denies that they violated any duty owed to Plaintiff.

3

**Twelfth Defense**

4    12.    A manufacturer has no duty to warn patients or the general public of any risk,

5    contraindication, or adverse effect associated with the use of a prescription medical product.

6    Rather, the law requires that all such warnings and appropriate information be given to the

7    prescribing physician and the medical profession, which act as a "learned intermediary" in

8    determining the use of the product.  Bextra® is a prescription medical product, available only

9    on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's

10    treating and prescribing physicians.

11

**Thirteenth Defense**

12    13.    The product at issue was not in a defective condition or unreasonably dangerous at the

13    time it left the control of the manufacturer or seller.

14

**Fourteenth Defense**

15    14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

16    for its intended use and the warnings and instructions accompanying Bextra® at the time of the

17    occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

18

**Fifteenth Defense**

19    15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

20    Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable

21    standard of care.

22

**Sixteenth Defense**

23    16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

24    Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

25    abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendant or

26    persons acting on its behalf after the product left the control of Defendant.

27

**Seventeenth Defense**

28    17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-23-

ANSWER TO COMPLAINT – 3:07-cv-5951-CRB

1  Defendant.

2  **Eighteenth Defense**

3  18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

4  conditions unrelated to Bextra®.

5  **Nineteenth Defense**

6  19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the

7  doctrine of assumption of the risk bars or diminishes any recovery.

8  **Twentieth Defense**

9  20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are

10  preempted in accordance with the Supremacy Clause of the United States Constitution and by

11  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

12  **Twenty-first Defense**

13  21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

14  the subject pharmaceutical product at issue was subject to and received pre-market approval by

15  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

16  **Twenty-second Defense**

17  22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

18  Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

19  and Plaintiff's causes of action are preempted.

20  **Twenty-third Defense**

21  23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

22  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

23  issue under applicable federal laws, regulations, and rules.

24  **Twenty-fourth Defense**

25  24.    Plaintiff's claims are barred in whole or in part because there is no private right of

26  action concerning matters regulated by the Food and Drug Administration under applicable

27  federal laws, regulations, and rules.

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-fifth Defense**

25.     Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.     Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.     The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California, New York, and South Carolina, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-fifth Defense

35.     Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of California, New York and South Carolina.  Any law, statute, or

other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

1

**Forty-first Defense**

2    41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

3    and belief, such injuries and losses were caused by the actions of persons not having real or

4    apparent authority to take said actions on behalf of Defendant and over whom Defendant had

5    no control and for whom Defendant may not be held accountable.

6

**Forty-second Defense**

7    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

8    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

9    intended, and was distributed with adequate and sufficient warnings.

10

**Forty-third Defense**

11    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

12    waiver, and/or estoppel.

13

**Forty-fourth Defense**

14    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

15    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

16    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

17    independent of or far removed from Defendant's conduct.

18

**Forty-fifth Defense**

19    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20    did not proximately cause injuries or damages to Plaintiff.

21

**Forty-sixth Defense**

22    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

23    did not incur any ascertainable loss as a result of Defendant's conduct.

24

**Forty-seventh Defense**

25    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

26    manufacturing, labeling, packaging, and any advertising of the product complied with the

27    applicable codes, standards and regulations established, adopted, promulgated or approved by

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-28-
ANSWER TO COMPLAINT – 3:07-cv-5951-CRB

1    any applicable regulatory body, including but not limited to the United States, any state, and

2    any agency thereof.

3    **Forty-eighth Defense**

4    48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

5    product labeling contained the information that Plaintiff contends should have been provided.

6    **Forty-ninth Defense**

7    49.    The claims asserted in the Complaint are barred because the utility of Bextra®

8    outweighed its risks.

9    **Fiftieth Defense**

10    50.    Plaintiff's damages, if any, are barred or limited by the payments received from

11    collateral sources.

12    **Fifty-first Defense**

13    51.    Defendant's liability, if any, can only be determined after the percentages of

14    responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

15    any, are determined.    Defendant seeks an adjudication of the percentage of fault of the

16    claimants and each and every other person whose fault could have contributed to the alleged

17    injuries and damages, if any, of Plaintiff.

18    **Fifty-second Defense**

19    52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

20    common law gives deference to discretionary actions by the United States Food and Drug

21    Administration under the Federal Food, Drug, and Cosmetic Act.

22    **Fifty-third Defense**

23    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

24    comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

25    ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

26    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

27    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

28    and with the specific determinations by FDA specifying the language that should be used in the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

2    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

3    United States.

### Fifty-fourth Defense

4

5    54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

6    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

7

8    55.    Defendant states on information and belief that the Complaint and each purported cause

9    of action contained therein is barred by the statutes of limitations contained in California Code

10   of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

11   may apply.

### Fifty-sixth Defense

12

13   56.    Defendant states on information and belief that any injuries, losses, or damages suffered

14   by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

15   conduct of persons or entities other than Defendant.    Therefore, Plaintiff's recovery against

16   Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

17

18   57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

19   Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil

20   Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

21   damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

22

23   58.    In the event Plaintiff recovers a verdict or judgment against Defendant, then said verdict

24   or judgment must be reduced pursuant to CPLR 4545(c), and/or other applicable State or

25   Commonwealth statutes, by those amounts which have, or will, with reasonable certainty,

26   replace or indemnify Plaintiff, in whole or in part, for any past or future claimed medical

27   expenses or other such economic loss, paid from any collateral source such as insurance, social

28   security, workers' compensation or employee benefit programs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-ninth Defense**

59.     In accordance with CPLR 1601 et seq., and/or other applicable State or Commonwealth statutes, the liability of Defendant, if any, to Plaintiff contends for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff contends could have obtained personal jurisdiction with due diligence.

**Sixtieth Defense**

60.     In accordance with General Obligations Law 15-108, if Plaintiff executes a release or a covenant not to sue for a tortfeasor in this action, Plaintiff's damage claim against Defendant is reduced to the extent of any amount stipulated by the release or covenant, or in the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR 1401 et seq., whichever is greatest.

**Sixty-first Defense**

61.     The conduct of Defendant and all activities with respect to the subject products were fair and truthful based upon the knowledge existing at the relevant time alleged in the Complaint. Therefore, Plaintiff's claims under New York Business Corporation Law § 349 are barred.

**Sixty-second Defense**

62.     Plaintiff's claims are barred, in whole or in part, pursuant to South Carolina Code Ann. § 15-3-20.

**Sixty-third Defense**

63.     Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

**IV.**

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing from Defendant by reason of the Complaint;

2.     That the Complaint be dismissed;

1    3.    That Defendant be awarded its costs for this lawsuit;

2    4.    That the trier of fact determine what percentage of the combined fault or other liability

3    of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries,

4    losses or damages is attributable to each person;

5    5.    That any judgment for damages against Defendant in favor of Plaintiff be no greater

6    than an amount which equals their proportionate share, if any, of the total fault or other liability

7    which proximately caused Plaintiff's injuries and damages; and

8    6.    That Defendant has such other and further relief as the Court deems appropriate.

9

10

11    December 20, 2007                          GORDON & REES LLP

12

13                                              By:_____/s/_____

14                                                  Stuart M. Gordon
                                                    sgordon@gordonrees.com
15                                                  Embarcadero Center West
                                                    275 Battery Street, 20th Floor
16                                                  San Francisco, CA 94111
                                                    Telephone: (415) 986-5900
17                                                  Fax: (415) 986-8054

18    December 20, 2007                          TUCKER ELLIS & WEST LLP
                                                    .
19

20                                              By:_____/s/_____

21                                                  Michael C. Zellers
                                                    michael.zellers@tuckerellis.com
22                                                  515 South Flower Street, Suite 4200
                                                    Los Angeles, CA 90071-2223
23                                                  Telephone: (213) 430-3400
                                                    Fax: (213) 430-3409
24
                                                    Attorneys for Defendant
25                                                  PFIZER INC.

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-32-

1

## JURY DEMAND

2     Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this

3   case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4   December 20, 2007                          GORDON & REES LLP

5

6                                              By:_____/s/_____

7                                              Stuart M. Gordon
                                               sgordon@gordonrees.com
8                                              Embarcadero Center West
                                               275 Battery Street, 20th Floor
9                                              San Francisco, CA  94111
                                               Telephone:  (415) 986-5900
10                                             Fax:  (415) 986-8054

11

12  December 20, 2007                          TUCKER ELLIS & WEST LLP

13

14                                             By:_____/s/_____

15                                             Michael C. Zellers
                                               michael.zellers@tuckerellis.com
16                                             515 South Flower Street, Suite 4200
                                               Los Angeles, CA 90071-2223
17                                             Telephone:  (213) 430-3400
                                               Fax:  (213) 430-3409

18                                             Attorneys for Defendant
                                               PFIZER INC.
19

20

21

22

23

24

25

26

27

28